THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RUBY JONES, Defendant-Appellant.

(No. 69-33; ▌▌▌▌▌▌▌▌▌▌

Third District—November 18, 1970.

Jack A. Brunnenmeyer, of Peoria, for appellant.

Robert S. Calkins, State's Attorney, of Peoria, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Ruby Jones, was found guilty of voluntary manslaughter by a jury and was sentenced to a term of from nine to fifteen years in the penitentiary in the Circuit Court of Peoria County.

During the evening of June 29, 1968, defendant, Ruby Jones, was visiting with her friend John Douglas in the back yard of the Jones residence. Clarence and Mary Dennis had also been visiting in the back yard but

shortly before the argument between Douglas and defendant had commenced Mary Dennis had gone to her apartment upstairs in the same residence and Clarence Dennis had gone to a tavern to purchase more liquor.

Defendant received a telephone call from her daughter indicating the daughter was sick and requesting that the defendant continue to take care of the daughter's two children ages two and four. Douglas objected to defendant taking care of her grandchildren and insisted that she return the grandchildren to her daughter. This defendant refused to do and Douglas and the defendant began arguing. The argument grew worse. Each party began swearing at the other. Defendant went into the house, Douglas following her, through the kitchen and dining room and into her bedroom where she took a revolver from under the mattress. Returning to the kitchen she was grabbed by Douglas and spun around as she was trying to get out the back door. At the same time Douglas seized a heavy iron skillet brandished it above his head preparing to hit defendant with it. At this moment defendant shot Douglas and he either fell or staggered out the back door. Douglas died of the gun shot wound.

Clarence Dennis testified that he was approaching the rear of the house returning from the tavern, he heard the argument, heard defendant say "get back, don't come up on me" and just before coming around the rear corner of the house he heard the gun shot. Thereafter Dennis saw Douglas stagger out of the back door and drape himself over the side of Dennis's car parked about three feet from the back door. According to Dennis, Douglas did not have anything in his hands at the time and the only iron skillet thereafter discovered was some eight to ten feet from Douglas near a picnic table. The police officers were unable to secure any fingerprints from the handle of the skillet because of its heavy coating of grease.

In two counts of a three count indictment defendant was charged with murder and in the third count with voluntary manslaughter. The jury returned a verdict of guilty on the voluntary manslaughter count but did not return any verdict either of guilty or not guilty on the murder counts.

Defendant in seeking to reverse the judgment of the trial court argues that based on the allegations in the three counts and the evidence the charge of voluntary manslaughter was repugnant to the charges of murder and therefore the count charging voluntary manslaughter should not have been submitted to the jury. According to defendant she was either guilty of murder or she was not guilty of any offense i.e. the killing was with lawful justification, self defense. Furthermore since the jury failed to return any verdicts on the murder counts it must be considered that defendant was acquitted on such counts and therefore the judgment ought to be reversed outright.

Each of the counts contained the same allegations regarding many elements of the offenses charged, the physical acts being essentially the same. The difference between the counts relates to the quality of defendant's mental state. In Count I the described conduct is alleged to violate par. 9—1 (a) (1) of ch. 38, Ill. Rev. Stat. 1968 and count 2 alleges her conduct violated par. 9—1 (a) (2) of ch. 38, Ill. Rev. Stat. 1968. Each of the murder counts described defendant's conduct as being without lawful justification. Count 3 charges defendant with voluntary manslaughter in violation of par. 9—2 (b) of ch. 38, Ill. Rev. Stat. 1968. According to the latter section, "A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code, but his belief is unreasonable.".

■■ Both the State and defendant are in agreement concerning several general propositions. Lesser offenses are included within more serious offenses and if there is evidence of a lesser offense the jury may be instructed thereon and return verdicts relating thereto even though such lesser offense was not charged in the indictment. (*People v. Gajda*, 87 Ill.App.2d 316, 232 N.E.2d 49.) There must be evidence of the lesser offense or instructing with regard thereto is error. *People v. Hall*, 118 Ill.App.2d 160, 254 N.E.2d 793.

■■■ Defendant admits that the offense of voluntary manslaughter as described in par. 9—2 (b) of ch. 38, Ill. Rev. Stat. 1968, is a lesser offense than that of murder and may be included therein. Defendant's concession in this regard is formal only. According to defendant's contention it would follow that in any case where there is evidence of self defense the State would be required to elect whether the conduct should be considered murder or voluntary manslaughter and only one charge could be submitted to the jury. This is contrary to the general propositions relating to lesser included offenses as previouly noted and ignores the statutory elements of the different offenses and in particular the differences in mental qualities. Where self defense is invoked to justify a killing the initial issue is whether defendant believed she was acting in self defense. The secondary issue is whether such belief if it existed was reasonable. If the evidence fails to support the claim that the defendant believed herself to be acting in self defense then the offense may be murder. If the belief exists but *is* unreasonable the offense may be voluntary manslaughter. (See *People v. Gajda, supra.*) Accordingly we hold that both issues were properly submitted to the jury and neither the charges nor the actions of the jury were repugnant or contradictary to the finding of guilty on the voluntary manslaughter charge.

Defendant next argues that she was not properly advised of her constitutional rights as required by *Miranda v. State of Arizona*, 384 U.S. 436. ■■ Defendant was taken to the Peoria police station in the custody of two police officers. At the station she was fully advised of all of her constitutional rights as required by *Miranda* and after being so advised she was asked whether she desired to make a statement. She replied that she did but since a court reporter was not present at the time the statement was not taken until about an hour later after the court reporter arrived. As a part of the question and answer transcript taken by the court reporter it appears that defendant was advised again that she was entitled to have an attorney present and one would be provided in the event she could not afford an attorney. As the statement was being commenced defendant was not again appraised of all of her rights as required by *Miranda* and it is this failure which defendant now argues makes her written statement inadmissible. The foregoing facts were elicited at a preliminary hearing designed to determine the admissibility of the statement. It is our view that under the authority of *People v. Hill*, 39 Ill.2d 125, 233 N.E.2d 367, defendant understandably waived her constitutional rights. Form is not to be regarded as superior to substance. That approximately one hour may have elapsed between the time defendant waived her constitutional rights after being fully advised thereof and the taking of the statement does not deprive the waiver if its legal effect.

■■ Next defendant argues that the evidence is insufficient to justify the jury's conclusion that she was guilty of voluntary manslaughter beyond a reasonable doubt. In this regard it appears to be defendant's position again that either she was guilty of murder or she was not guilty of any offense. Admittedly much of the evidence is that of the defendant herself by way of her statement and her testimony and admittedly there is no eye-witness testimony contrary to much of defendant's testimony. Yet the jury was entitled to weigh and evaluate the internal consistency of defendant's testimony and could in the context or perspective of such testimony have concluded that her belief that deadly force was required was unreasonable. This conclusion finds additional support in the testimony of Clarence Dennis and his account of what he saw shortly after the shot was fired. Accordingly we find no reason for disturbing the verdict of the jury.

■■ Defendant has also urged the trial court erred in refusing to give two of her tendered instructions. We find it unnecessary to consider these assignments of error since in our view the jury was thoroughly and extensively instructed on defendant's theory of self defense in other instructions which she tendered and which were given. The refused instructions merely tended to restate the self defense theory in different language emphasizing different elements and in our view were neither appropriate nor required.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

RYAN, P. J., and ALLOY, J., concur.